Edward Balstad, Plaintiff-Appellee, v. Solem Machine Company, Defendant-Appellant.

Gen. No. 11,391.

Second District, Second Division.

August 19, 1960.

Welsh and Welsh, of Rockford (Roger T. Welsh and Keith Hyzer, of counsel) for defendant-appellant.

Pedderson, Menzimer, and Conde, of Rockford (L. W. Menzimer and Dale F. Conde, of counsel) for plaintiff-appellee.

SPIVEY, J.

This was an action for damages for breach of an alleged oral contract of employment. The cause was tried to verdict in the Circuit Court of Winnebago County. A verdict of $2,837.75 was returned by the jury for the plaintiff.

Defendant appeals from the judgment on the verdict and contends that the alleged oral contract is unenforceable under the provisions of Section 1 of the Statute of Frauds (Ill. Rev. Stat. 1955, Chap. 59, Par. 1). It also contends that the verdict is against the manifest weight of the evidence and that the evidence shows a mutual mistake and no contract. Finally, the defendant contends that the court erred in excluding evidence offered by the defendant.

The uncontradicted facts show that plaintiff was employed by the defendant at its plant in Lockport, New York, as an engineer, for a period of thirty-one and one-half months. He was hired by the president of the defendant corporation after two interviews in the fall of 1955. Only the plaintiff and defendant's president participated in the negotiations culminating in the employment of the plaintiff in these interviews, and only these two testified as to the terms of the oral agreement.

420

Plaintiff claimed that he was to be paid $11,000.00 per year, payable monthly. Defendant contended that the salary was some lesser amount as reflected by the payroll records. It was also contended by the plaintiff that he was entitled to vacation pay for vacations he had been requested not to take and contended that the defendant had agreed to pay for a six weeks trip to Norway to visit his mother. Defendant denied these contentions.

Various exhibits were introduced by both parties. None of the exhibits, however, are definite as to the relations between the parties and to quote extensively from them would only serve to unduly extend this opinion without corresponding benefit. Suffice it to say that these exhibits together with the testimony of the parties presented controverted factual issues.

The effect of the verdict of the jury has been to enforce an oral contract and so, we must first determine if this contract was unenforceable as the defendant claims. The pertinent portion of the statute involved (Ill. Rev. Stat. 1955, Chap. 59, Par. 1), provides as follows:

> "That no action shall be brought, whereby to charge any executor or administrator upon any special promise to answer any debt or damages out of his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person, or to charge any person upon any agreement made upon consideration of marriage, or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or

some other person thereunto by him lawfully authorized."

While the plain language of the statute would appear to preclude a recovery in this case, we believe that the settled law of Illinois has properly distinguished this particular type of transaction from the contract prohibited by the statute. It is true that performance under the contract has extended over a period well in excess of a year. Also, it must be concluded that it was the intention of the parties that the contract should extend for a period of more than one year. However, this was a personal contract which might or might not have been performed according to the intention of the parties. We believe that the courts have interpreted this statute to provide that the contract is unenforceable only if it is impossible of performance in one year.

■ ■ Under the facts in this case, this contract could have been performed at any time. By the act of the defendant in discharging the plaintiff without notice, he has indisputably shown that the contract was terminable at the will of either party. This construction was the construction placed upon the contract by the plaintiff also, since he has not sought to recover for the balance of the year 1958. When both parties to an oral agreement by their actions interpret the contract as one terminable at will, it certainly is beyond the power of a court to place a different interpretation on the agreement.

It is true that the contract, by the contention of both parties, called for an annual salary. This was to be paid by the month, however, which is perfectly consistent with our finding that the contract was to run from month to month.

This contract could have been concluded by many conditions, all occurring within one year. The death or resignation of the plaintiff, or abandonment or

bankruptcy of the defendant would have effectively terminated the contract. This being so, the contract could be performed in one year and so was not within the statute.

There is a dearth of recent cases on this question, from which, one might conclude that this point has been generally recognized and settled. Cases supporting the position followed by this court, are, in our judgment, sound and well reasoned.

In Mutual Life Ins. Co. of New York v. Ritsher, 196 Ill. App. 27, the court reviewed this problem and concluded:

"A contract comes within the Statute of Frauds if by its terms it appears that it cannot be performed within one year from the date of making thereof. This principle is well set forth in Warner v. Texas & P. Ry. Co., 164 U. S. 418, wherein the court said (p. 433):

" 'In the case at bar, the contract between the railroad company and the plaintiff, as testified to by the plaintiff himself, who was the only witness upon the point, was that if he would furnish the ties and grade the ground for the switch at the place where he proposed to erect a sawmill, the railroad company would "put down the iron rails and maintain the switch for the plaintiff's benefit for shipping purposes as long as he needed it."

" 'The parties may well have expected that the contract would continue in force for more than one year; it may have been very improbable that it would not do so; and it did in fact continue in force for a much longer time. But they made no stipulation which in terms, or by reasonable inference, required that result. The question is not what the probable, or expected, or actual performance of the contract was, but whether the

contract, according to the reasonable interpretation of its terms, required that it should not be performed within the year. No definite term of time for the performance of the contract appears to have been mentioned or contemplated by the parties; nor was there any agreement as to the amount of lumber to be sawed or shipped by the plaintiff, or as to the time during which he should keep up his mill. . . .

" 'If, within a year after the making of the contract, the plaintiff had died, or had abandoned his whole business at this place, or for any other reason had ceased to need the switch for the shipping of lumber, the railroad company would have been no longer under any obligation to maintain the switch, and the contract would have been brought to an end by having been fully performed.

" 'The complete performance of the contract depending upon a contingency which might happen within the year, the contract is not within the statute of frauds as an "agreement which is not to be performed within the space of one year from the making thereof." '

"Such also is the holding in Walker v. Johnson, 96 U. S. 424; McPherson v. Cox, 96 U. S. 404; Birks v. Gillett, 13 Ill. App. 369; Hulse v. Hulse, 155 Ill. App. 343."

More recently in Vischer v. Dow Jones & Co., Inc., 339 Ill. App. 617, 91 N.E.2d 90, the court stated:

"Plaintiff further contends that if it be held that the Illinois Statute of Frauds applies, the rule in this State is the same as in New York, and cites in support of his contention Fraser v. Gates, 118 Ill. 99, 112, where the court states that the case was not affected by the Statute of Frauds, for two reasons: '. . . Second, although the agree-

ment was not expected to be performed within a year, yet, by reason of peculiar circumstances, it might have been performed within the year. Browne on Statute of Frauds, Secs. 275, 276, et seq.' That opinion was written by Chief Justice Schofield. The rule in the Fraser case was followed in Radomski v. The E. R. Stege Brewery, 172 Ill. App. 308, 312; Hulse v. Hulse, 155 Ill. App. 343, 348; Hills v. Hopp, 287 Ill. 375, 380, 381; Regan v. Grady, 343 Ill. 423, 427, 428; Osgood v. Skinner, 111 Ill. App. 606, 617, 618."

In our judgment, this contract could have been performed in one year and so, is not within the Statute of Frauds.

■ With respect to defendant's contentions that the verdict is contrary to the manifest weight of the evidence, and that there was no contract because of mutual mistake, we cannot agree. Defendant contends that this case is controlled by Peaslee v. Glass, 61 Ill. 94, where the court found that the plaintiff's uncorroborated testimony was contradicted by the defendant and the defendant's testimony was supported by unimpeached witnesses. Such is not the situation in the case at bar. Here two persons testified as to their versions of an oral contract. If there was a mutual mistake, this, as well as the existence of a contract, was to be determined by the trier of the fact, under proper instructions. The verdict is not contrary to the manifest weight of the evidence. Here, the jury was in a superior position to evaluate the witnesses and its judgment can be supported by the evidence. We observe that in support of the verdict, plaintiff's testimony as to the agreement was positive whereas defendant was unable to recall what the pay arrangement had been and the defendant had paid the plaintiff two different amounts in as many years. Also,

425

one of the exhibits, closest to the issues could reasonably have been understood to have supported plaintiff's version. The jury's verdict is not contrary to the manifest weight of the evidence and factual questions including mutual mistake and weight of the evidence have been satisfactorily concluded.

■ Finally, it is contended that the court erred in failing to admit in evidence the plaintiff's original complaint. Defendant sought to prove by cross-examination of the plaintiff that plaintiff's first complaint had asserted rights contrary to those urged under his amended complaint. The following occurred:

"Q. Did you ask your attorneys to say in the original complaint that is filed in this case: 'That although often requested so to do, Defendant has failed, neglected and refused to give to Plaintiff the stock in Defendant Company for the sum of $5,866.00?'

"A. I object. The original pleadings were made in this case by our office and sent to him and he asked us to straighten out certain matters which we had wrong and I don't believe that it is competent evidence in this case. Had he signed it, it would be a better point.

"The Court: I think that is true, Mr. Holmstrom."

Unfortunately, this point was not properly preserved for consideration on appeal. There was never any offer of the complaint in evidence, and absent such an offer and ruling by the court, no assignment of error can be made. Defendant, continually refers to the court's error in failing to admit the complaint although the court was never requested to do so.

In Ragen v. Bennigsen, 10 Ill.App.2d 356, 135 N.E.2d 128, in discussing a similar situation, the court said, "There could be no refusal to admit that which has

not been offered, and counsel cannot by engaging in a mere conversation with the court, even though it may relate to procedure, or by merely stating what he desired to do, get a ruling by the court upon which he can predicate error. Chicago City Ry. Co. v. Carroll, 206 Ill. 318, 328."

There was never an offer of the complaint and without an offer, and a ruling, no assignment of error is available.

The judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

CROW, P. J. and WRIGHT, J., concur.