MARTY BLOOMBERG, Plaintiff-Appellee, *v.* ARTHUR M. MARKS, Defendant-Appellant.

(No. 75-37;

Third District—December 31, 1975.

Orlikoff and Tierney, of Chicago (John N. Tierney, of counsel), for appellant.

James J. Gende, of Moline, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Marty Bloomberg, filed suit against defendant, Arthur M. Marks, on March 15, 1974, alleging a 7-year-old breach-of-contract action. Marks was a mortgage broker and Bloomberg's claim was that Marks had promised to obtain financing for him, for a contingent fee of $4800, but no financing was ever obtained. The plaintiff admitted that Marks had returned $2400 to him in the form of a cashier's check but stated that he had never cashed it. In the answer filed by Marks, he denied that there was a contract as alleged and denied that there had been any breach. Marks additionally filed an affirmitive defense alleging that the action was based on an oral agreement and was therefore barred by the 5-year statute of limitations.

After the trial held on May 28, 1974, an order was entered finding that there was no written contract and that the 5-year statute of limitations did apply, and accordingly judgment was entered in favor of defendant. On June 21, 1974, plaintiff filed a motion to vacate the prior judgment order. Defendant filed a response to the motion but waived his right to be present at the oral argument on the motion. On November 26, 1974, the trial judge vacated his judgment order of May 28, 1974, and entered judgment, without any evidentiary hearing, against defendant and in favor of plaintiff in the amount of $4800. From this judgment defendant has appealed. He contends that the judgment against him and in favor of plaintiff was in error because: (1) the contract sued upon was an oral contract and suit was barred by the statute of limitations; (2) even if there was a written contract, plaintiff's acceptance of the $2,400 refund barred his recovery; (3) even if a written contract was proved, plaintiff failed to prove its breach. We need only consider the first issue raised in resolving this appeal.

■■ The question presented is whether the trial judge was correct the first time he ruled on May 28, 1974, when he found that there was no written agreement and that the instant suit was barred by the 5-year statute of limitations (Ill. Rev. Stat. 1973, ch. 83, § 16). We believe the

trial judge was correct the first time he ruled and committed error in vacating that judgment and instead entering judgment for plaintiff. The plaintiff argues that even though verbal negotiations had taken place previous to November 9, 1966, no verbal contract or meeting of the minds occurred. Plaintiff's theory is that a defendant's November 9, 1966, letter to plaintiff's attorney constituted a written counterproposal and plaintiff's payment by a cashier's check which defendant physically picked up on November 10, 1966, constituted acceptance of the written counterproposal and formed the written contract. Although the evidence of those facts is established in the record the conclusions plaintiff draws from them are not so established. We believe the trial judge properly summarized the testimony and evidence in a statement just prior to dismissing plaintiff's suit, "Not only was there an agreement prior to November 9, 1966 but on cross-examination the plaintiff testified that he had no written agreement with Mr. Marks  *   *   *. I find that this was concluded entirely and solely as an oral agreement. Consequently the case was simply filed too late in view of the Statute of Limitations relating to oral agreements." The court then requested a motion for dismissal which he subsequently granted.

The evidence introduced by both testimony and exhibits does not establish that a written contract existed. Plaintiff's exhibit no. 1 which allegedly was the written contract was only a letter from defendant to an attorney asking the attorney to ask the plaintiff to issue a cashier's check for $4800. The letter does not provide that defendant was to undertake to do anything on behalf of plaintiff nor does it provide the use to which the $4800 is to be put.

■■ It is undisputed that the cashier's check sent in response to the November 9, 1966, letter was the second check sent by plaintiff. The first check was plaintiff's personal check which defendant returned because it was not certified. This indicates that some understanding and meeting of the minds already existed prior to November 9, 1966. The plaintiff testified that he had one or two telephone conversations with defendant prior to the November 9, 1966, letter. The defendant, however, claimed only one phone conversation with plaintiff occurred. Pertinent direct examination of the defendant was as follows:

"Q. Mr. Marks, did you reach an agreement with Mr. Bloomberg or his representative, relative to obtaining a Certificate of Deposit in the amount of $120,000?

A. The only agreement I had was a verbal agreement with Mr. Bloomberg over the phone the one time I spoke with him.

Q. What was the substance of that agreement, Mr. Marks?

A. That I was to get him a Certificate of Deposit for $120,000.

Q. He was to pay you how much?

A. If I remember, it was $4800.

Q. In the event you failed to obtain the Certificate you were to return the $4800?

A. Less my expenses that I had.

\* \* \*

THE COURT: I would presume in view of his answer, that his own [*sic*; *i.e.*, only] agreement with Mr. Bloomberg was in a telephone conversation. I would presume that question immediately preceding that related to it, but in order to be certain, I would suggest then that you modify the question so as to say, if you remember, what were the terms.

Q. What were the terms agreed upon in that conversation, were they as you just testified?

A. Yes."

This testimony together with the fact that the plaintiff's first check to defendant antedated the November 9, 1966, letter, which was claimed to be the written contract, forms an adequate basis for the trial judge's initial finding that the contract was an oral one. A contract which is partly in writing and partly oral is an oral contract for purposes of the shorter statute of limitations. (*Electrical Contractors' Association v. A. S. Schulman Electric Co.*, 324 Ill.App. 28, 57 N.E.2d 220, *aff'd*, 391 Ill. 333, 63 N.E.2d 392, (1944).) For this contract to be a written one all the terms essential to its formation must be in writing. A written contract is one which in all its terms is in writing while a contract partly in writing and partly oral is considered, in legal effect, an oral contract. See *Wielander v. Henich*, 64 Ill.App.2d 228, 211 N.E. 2d 775 (1965); *Plumb v. Campbell*, 129 Ill. 101, 18 N.E. 790 (1888).

Alternatively, plaintiff contends that the letter of November 9, 1966, is a memorialization of any prior oral contract. The record does not support that position factually. The November 9, 1966, letter does not contain all the terms essential to the formation of the contract between plaintiff and defendant. The writing claimed to be the written contract here is inadequate, lacking the necessary terms essential to the formation of the contract. Therefore the case of *Stanley v. Chastek*, 34 Ill.App.2d 220, 180 N.E.2d 512 (1962), is not applicable.

The record on appeal is silent with regard to why the trial judge vacated the judgment that initially dismissed plaintiff's suit and granted plaintiff's motion for judgment *n.o.v.* It is merely the allegations contained in plaintiff's motion that urges the theory that the November 9, 1966, letter was a counterproposal by defendant, forming a contract upon receipt of plaintiff's cashier's check. No evidence was presented at

the hearing on this motion and defendant's attorney waived oral argument and did not appear to resist the motion for judgment *n.o.v.* No transcript was made of plaintiff's attorney's arguments at that hearing which caused the trial judge to reverse his earlier finding and judgment. From the evidence and testimony preserved in the record we conclude that the defendant met his burden of proving that the contract here sued upon was an oral contract and that plaintiff's suit was barred by the 5-year statute of limitations applying to oral contracts (Ill. Rev. Stat. 1965, ch. 83, § 16).

For the reasons set out above the judgment of the Circuit Court of Rock Island County is reversed and judgment for defendant dismissing plaintiff's suit is hereby reinstated.

Reversed.

STOUDER and ALLOY, JJ., concur.