LARRY E. GILLILAND, Plaintiff-Appellant, *v.* ALLSTATE INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 77-1761

Opinion filed February 27, 1979.

Wayne B. Giampietro, of Chicago (Ligtenberg, DeJong, Poltrock & Giampietro, of counsel), for appellant.

Kalvin M. Grove, Jeffrey S. Goldman, and Cheryl J. Wright, all of Fox and Grove, of Chicago, for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Cook County dismissing his action against Allstate Insurance Company and its parent company, Sears, Roebuck & Company. The following issues are presented for review: (1) whether plaintiff's action for breach of an alleged oral contract of employment is barred by the Statute of Frauds; (2) whether plaintiff's action for fraudulent misrepresentation is barred by the statute of limitations; and (3) whether plaintiff's action for wrongful discharge is barred by the doctrine of preemption.

We affirm in part and reverse in part.

On December 16, 1975, plaintiff, Larry E. Gilliland, filed a four-count complaint in which he alleged that on March 15, 1954, he entered into an oral contract of employment with defendants, Allstate Insurance Company and Sears, Roebuck & Company, and pursuant to the contract commenced working with Allstate. Plaintiff alleged that defendants agreed to employ him until the time of his retirement at age 62 as long as plaintiff substantially complied with all lawful directions of defendants. Plaintiff further alleged that defendants agreed to give plaintiff notice or warning if he was not fulfilling his duties so that plaintiff would have an opportunity to correct any deficiencies. After one year of employment, plaintiff commenced participation in profit sharing, pension and savings plans and continued participating until his termination. Allstate terminated plaintiff's employment on June 22, 1972, allegedly without good cause and without prior notice or warning.

Plaintiff alleged in count I of the complaint that defendants breached the oral contract of employment by terminating plaintiff, and that as a result plaintiff suffered a loss of profits and earnings and the amount which would have accumulated in the pension fund had he remained employed until retirement.

In count II plaintiff alleged that at the time he accepted employment

with defendants, defendants fraudulently represented to plaintiff that they would employ plaintiff until retirement and he would receive all the benefits of the profit sharing, pension and savings plans as long as he substantially complied with all lawful directions of defendants. Plaintiff alleged that at the time the statements were made, defendants knew the statements were false but made the representations to induce plaintiff to become employed for a limited period of time; plaintiff believed the representations to be true and accepted employment in reliance thereon.

In count III plaintiff alleged that defendants breached the oral contract by wrongfully terminating plaintiff's employment in retaliation of plaintiff's attempts to have defendants comply with the Equal Employment Opportunity Act and the National Labor Relations Act.

Plaintiff alleged in count IV that defendants had a specific policy of terminating a large percentage of their employees who would soon qualify to receive the benefits of the profit sharing pension and savings plans.

Pursuant to a motion by defendant Sears, counts I and III of the complaint were dismissed as against Sears, and plaintiff was granted leave to amend counts II and IV. Pursuant to defendant Allstate's motion to dismiss, all counts of the original and amended complaint were dismissed. The court stated that counts I and III were dismissed because the alleged oral contract for employment set forth in those counts was subject to the Statute of Frauds; counts II and IV were dismissed because the action for fraudulent misrepresentation alleged therein was barred by the statute of limitations; and count III was dismissed also because the conduct alleged therein was arguably an unfair labor practice and it fell within the doctrine of preemption.

I.

Plaintiff initially contends that enforcement of the alleged oral contract of employment is not barred by the Statute of Frauds because the contract was capable of being performed within one year.

■■ The Statute of Frauds (Ill. Rev. Stat. 1975, ch. 59, par. 1) provides in pertinent part:

> "* * * no action shall be brought, * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

The Statute of Frauds has been interpreted as rendering an oral contract unenforceable only if it is impossible of performance within one year

from the time the contract is made. (*Stein v. Malden Mills, Inc.* (1st Dist. 1972), 9 Ill. App. 3d 266, 271-72, 292 N.E.2d 52.) To be outside the statute, the contract must be capable of being fully performed within one year and not simply terminated by some contingency such as death or bankruptcy. *Sinclair v. Sullivan Chevrolet Co.* (3d Dist. 1964), 45 Ill. App. 2d 10, 195 N.E.2d 250, *aff'd* (1964), 31 Ill. 2d 507, 202 N.E.2d 516; *Osgood v. Skinner* (1904), 111 Ill. App. 606, 57 N.E. 1041, *aff'd* (1964), 211 Ill. 229, 71 N.E. 869.

■■ Plaintiff contends that the oral contract to employ him until age 62 could have been performed within one year because plaintiff could have quit or died or defendants could have terminated plaintiff's employment for good cause within one year. Plaintiff cites *Balstad v. Solem Machine Co.* (2d Dist. 1960), 26 Ill. App. 2d 419, 168 N.E.2d 732, in which an oral contract for employment that was of indefinite duration was found to be terminable at will and outside the Statute of Frauds. Excepting plaintiff's contention to the contrary, we conclude that the oral contract was not of indefinite duration but was allegedly for a term of 36 years—plaintiff would be employed until he reached age 62, at which time he would receive certain benefits. The contract would not have been "performed" had some contingency such as death or bankruptcy occurred; rather the contract simply would have been terminated. In *Sinclair* the court held that an employment contract made on May 31, 1960, for a term ending June 6, 1961, could not be performed within one year and was unenforceable under the Statute of Frauds. As in *Sinclair*, the contract in the case at bar extended over a period more than one year and is unenforceable under the Statute of Frauds.

■■ Plaintiff contends that the oral contract for employment is partially memorialized in defendants' manual of policies and procedures. However, even if there is some written evidence of the alleged oral contract, the contract still falls within the Statute of Frauds since a contract which is partly in writing and partly oral is considered in legal effect an oral contract. (*Bloomberg v. Marks* (3d Dist. 1975), 34 Ill. App. 3d 758, 761, 341 N.E.2d 119.) Thus, the alleged oral contract for employment is barred by the Statute of Frauds.[1]

■■ Plaintiff contends that the doctrine of equitable estoppel applies to take the oral contract out of the Statute of Frauds. It is well established that the theory upon which a case is presented in the trial court cannot be changed upon review and that an issue not raised or considered by the trial court cannot be presented for the first time on appeal. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) Since

---

[1] Although we recognize that the Statute of Frauds should not be used to perpetrate a fraud, we note that the credulity of the court is tested by a person's claim of reliance upon an oral contract for 36 years without requesting that the contract be reduced to writing.

plaintiff did not raise the issue of equitable estoppel in his pleadings or in the trial court, the issue is waived for purposes of appeal. Even if the complaint is liberally construed as pleading the elements of equitable estoppel, counts I and III were properly dismissed because the oral promises concerned future performances. To invoke the doctrine of estoppel, a false representation must generally relate to an existing or past event, not to a promise concerning a future happening. *Sinclair*, 31 Ill. 2d 507, 510.

## II.

Plaintiff next contends that the action for fraudulent misrepresentation is not barred by the statute of limitations. The parties agree that section 15 of the Limitations Act is applicable to an action for fraudulent misrepresentation and that the limitations period is five years after the cause of action accrues. (Ill. Rev. Stat. 1975, ch. 83, par. 16.) Plaintiff contends that the cause of action accrued when he was discharged on June 22, 1972, because it was not until then that he was injured. Defendants contend that the cause accrued when plaintiff first learned of the falsity of defendants' representations, which was two to five years after he became employed or approximately 1956 to 1959.

It is well established that a cause of action based on tort accrues only when all the elements of a tort, duty, breach and resulting injury or damage, are present. (*West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 129-30, 370 N.E.2d 804.) The court in *West American Insurance Co.* stated at page 130:

" '[T]here can be no doubt that a cause of action accrues only when the forces wrongfully put in motion produce injury. Otherwise, in extreme cases, a cause of action might be barred before liability arose.' [Citation.]"

The court stated further at page 131:

"Unless the rule is that a cause of action accrues when the damage or injury is sustained, the tortfeasor would in many instances successfully assert that the wrong occurred at a time when the statute of limitations had already expired. This would hardly comport with fundamental fairness and simple justice."

Although plaintiff had knowledge that other employees were terminated without notice or cause, plaintiff did not sustain any injury until he was discharged. It would be inequitable to hold that plaintiff was forced to take some action when he first learned that defendants made false representations to others since at that time there was no resulting injury to plaintiff. Thus, we find that the statute of limitations did not bar count II and count IV of the complaint.

## III.

Finally, plaintiff contends that count III of the complaint in which it is alleged that plaintiff was discharged in retaliation for urging defendants to comply with the National Labor Relations Act (NLRA) and the Equal Employment Opportunity Act are not barred by the doctrine of preemption. Since we have determined that count III is barred by the Statute of Frauds, we need not reach the issue of preemption.

Based on the foregoing, we affirm the order of the circuit court as to counts I and III and reverse and remand as to counts II and IV.

Affirmed in part and reversed in part and remanded.

STAMOS, P. J., and DOWNING, J., concur.