**Hilary R. BRUDNICKI, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, a foreign corporation, Defendant.**

**No. 81 C 4014.**

United States District Court,
N. D. Illinois, E. D.

Feb. 24, 1982.

Tim Bridge, Oak Brook, Ill., for plaintiff.

Arthur B. Smith, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, Hilary R. Brudnicki, an Illinois citizen, initiated this action against defendant, General Electric Company ("G.E."), a foreign corporation, in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois. The case was subsequently removed as a diversity action to the Northern District of Illinois pursuant to 28 U.S.C. § 1441(a) and (b). Plaintiff's four-count complaint seeks recovery for damages suffered as a result of his discharge from G.E. in alleged breach of an oral contract of employment entered between the parties on or about February 28, 1977. Presently before the Court is defendant's motion to dismiss all four counts of plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). As the Seventh Circuit has noted:

> Under the Federal Rules of Civil Procedure, it is well established that, on a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true; and if it appears reasonably conceivable that at trial the plaintiff can establish a set of facts entitling him to some relief, the complaint should not be dismissed.

*Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780, 783 (7th Cir. 1977). Applying this standard to the present case, defendant's motion to dismiss Counts I, II and IV will be denied and defendant's motion to dismiss Count III will be granted.

### COUNT I

Count I of plaintiff's complaint alleges that his dismissal from G.E. on August 19, 1980, breached the terms and conditions of discharge established under an oral employment contract entered between the parties in 1977.[1] The oral contract at issue allegedly provided that plaintiff would be discharged from employment only if he failed to comply with the lawful directives of the defendant and only after G.E. gave plaintiff advance warning of the consequences of his failure to comply with those directives. Although defendant cannot at this stage dispute plaintiff's allegation that these terms were breached by defendant's conduct, G.E. has argued in its motion to dismiss that the oral contract is void and unenforceable under the Illinois Statute of Frauds. Ill.Rev.Stat.1979, ch. 59, § 1.[2]

■ Under Illinois law, a contract is unenforceable only if it is impossible of performance within one year. *Sinclair v. Sullivan Chevrolet Co.*, 45 Ill.App.2d 10, 14, 195 N.E.2d 250 (3d Dist. 1964). Defendant's Statute of Frauds argument is predicated in part on language in plaintiff's original verified complaint which suggested that the oral employment agreement between the parties would extend over 24 years until plaintiff retired at age 65. Complaint, Count I, ¶¶ 4–5. This characterization, if true, would render the employment agreement void under the Statute of Frauds be-

---

1. According to the complaint originally filed in state court, plaintiff was employed by G.E. pursuant to an oral contract as early as August, 1955. The memoranda filed by the parties for this motion make relatively clear that plaintiff left the employ of G.E. in 1976 and rejoined the company on a similar basis in 1977. Under the terms of both oral agreements as capsulized in the pleadings, it appears that plaintiff's continued employment with G.E. was contingent on his compliance with the lawful directives of the defendant as employer.

2. The Illinois Statute of Frauds provides in pertinent part:

> No action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise of agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

Ill.Rev.Stat.1979, ch. 59, § 1.

cause full performance could not be completed within one year. *Cf. Gilliland v. Allstate Insurance Co.*, 69 Ill.App.3d 630, 633, 26 Ill.Dec. 444, 388 N.E.2d 68 (1st Dist. 1979). Plaintiff argues, however, that because his employment with G.E. was to last "as long as Plaintiff . . . substantially compl[ied] with all the lawful directions of Defendants," First Amended Complaint, Count I, ¶ 5, plaintiff's obligations under the agreement could be fully performed within one year.

Viewed from the time the employment relationship began, plaintiff presumably could have ended his compliance with G.E.'s directions and have been terminated under the terms of the agreements before the end of the first year. The issue, then, is whether the potential of this termination is sufficient to render the agreement capable of being fully performed within one year.

■ The possibility of an employee's termination within one year does not necessarily remove the employment contract at issue from the reach of the Statute of Frauds. *Sinclair, supra* 45 Ill.App.2d at 14–15, 195 N.E.2d 250. Similarly, the possibility that an employee may die or resign within the first year does not necessarily save the oral agreement from the bar of the Statute. *Gilliland, supra* 69 Ill.App.3d at 633, 26 Ill.Dec. 444, 388 N.E.2d 68. Such contingencies threaten the longevity of any employment relationship. Whether the possibility of an employee's death or termination takes the employment agreement from the bar of the Statute in a specific case depends in large part on the underlying purpose and specific terms of the agreement itself. *Cf. George F. Mueller & Sons, Inc. v. Northern Illinois Gas Co.*, 12 Ill. App.3d 362, 367, 299 N.E.2d 601 (1st Dist. 1973); *Balstad v. Solem Machine Co.*, 26 Ill.App.2d 419, 422–23, 168 N.E.2d 732 (2d Dist. 1960); *Osgood v. Skinner*, 111 Ill.App. 606, 617–18 (1st Dist. 1904). The facts nec-essary for this Court to make such a determination are not presently before us.[3]

■ Defendant moves to dismiss Count I on the alternative theory that if this employment agreement was of indefinite duration in terms of time, it must have been terminable at will under Illinois law. Therefore, defendant reasons, G.E.'s dismissal of plaintiff without just cause was merely an exercise of its right to terminate an employee under state law. This interpretation overlooks, however, that an employment relationship terminable at will in Illinois is subject to the termination provisions of the employment contracts at issue. *Criscione v. Sears, Roebuck & Co.*, 66 Ill. App.3d 664, 667, 23 Ill.Dec. 455, 384 N.E.2d 91 (1st Dist. 1978). *Cf. Pleasure Driveway & Park District of Peoria v. Jones*, 51 Ill. App.3d 182, 190, 9 Ill.Dec. 677, 367 N.E.2d 111 (3d Dist. 1977). The employment agreement alleged here, for example, expressly provided that termination could occur only after plaintiff failed to comply with defendant's lawful directives and after plaintiff was given adequate notice. In this context, therefore, plaintiff has alleged a claim upon which relief may be granted.

■ Defendant argues finally that Count I fails to state a claim upon which relief can be granted because the underlying contract is void for lack of mutuality of obligation between the parties. Specifically, defendant's position appears to be that plaintiff's promise to and performance of the duties of employment for which he was paid is not sufficient consideration to support G.E.'s additional contractual promise to permanently employ plaintiff under a termination provision more limited than terminable at will. The sufficiency of plaintiff's consideration in return for G.E.'s promise of "permanent" employment is, however, a question of fact which the Court cannot resolve on a motion to dismiss.[4]

---

3. In order to determine whether the obligations of this agreement could be fully performed within one year, for example, it would be necessary to know the specific purpose for which Mr. Brudnicki was hired and the specific tasks he was called upon to perform.

4. Plaintiff alleges, for example, that in addition to performing the services of employment, he also forewent other employment opportunities in order to accept the position with G.E. As a matter of Illinois law, this detriment to plaintiff may or may not be sufficient consideration in

Accordingly, defendant's motion to dismiss Count I is denied on all grounds.

## COUNT II

■ Count II of the amended complaint alleges that plaintiff relied to his detriment on G.E.'s fraudulent misrepresentation that it would continue to employ plaintiff if he moved to Illinois and if he substantially complied with its directions during the course of that employment. First Amended Complaint, ¶¶ 5–6. In addition to the arguments raised and rejected herein for a dismissal of Count I, defendant moves to dismiss Count II on an additional ground.[5] Specifically, defendant argues that plaintiff cannot sustain Count II in the absence of an allegation that G.E. misrepresented a pre-existing or present material fact. This argument rests on the general rule that a promise to perform a future act, even if not an accurate reflection of present intention, is not sufficient to constitute fraud in Illinois.

It is true as a general rule in Illinois that a promise to perform a future act, even if accompanied at the time with an intention not to perform that act, is not a false representation as will constitute fraud. *Roda v. Berko*, 401 Ill. 335, 340, 81 N.E.2d 912 (1948). However, a false representation of intent to perform an act in the future *is* actionable in Illinois when that representation is the scheme used to accomplish the fraud. *Carroll v. First National Bank of Lincolnwood*, 413 F.2d 353, 358–59 (7th Cir. 1969), *cert. denied*, 396 U.S. 1003, 90 S.Ct. 552, 24 L.Ed.2d 494 (1970); *Wilhoite v. Fastenware, Inc.*, 354 F.Supp. 856, 858 (N.D.Ill. 1973); *Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 334, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977); *Willis v. Atkins*, 412 Ill. 245, 260, 106 N.E.2d 370 (1952). In some respects, this exception appears to "engulf and devour much of the general rule." *Vance Pearson, Inc. v. Alexander*, 86 Ill. App.3d 1105, 1112, 42 Ill.Dec. 204, 408 N.E.2d 782 (4th Dist. 1980). In any event, the Court is persuaded that the misrepresentation alleged here can be characterized fairly as part of a scheme to defraud and does state a claim for which relief can be granted. According to plaintiff's allegations, G.E.'s misrepresentation was a deliberate device to induce plaintiff to enter this agreement to his detriment. The misrepresentation was an integral step in achieving the agreement. Moreover, the misrepresentation alleged here related to the binding character of the agreement reached between the parties as well as G.E.'s intention to engage in particular future conduct. In this respect, therefore, the misrepresentation involved an allegedly untrue statement of present fact as well as future intention. Accordingly, defendant's motion to dismiss Count II is denied.

## COUNT III

Count III of plaintiff's complaint alleges that his discharge from employment was in retaliation for his resistance to pressure from G.E. to hire and promote female employees solely on the basis of sex. Plaintiff's claim is predicated on the retaliatory discharge doctrine in Illinois which recognizes a cause of action when an employee is discharged in retaliation for his activities in contravention of a clearly mandated public policy. *See Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 134, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981). The specific nature of the public policy contravened by this discharge is, however, in dispute.

■ In its motion to dismiss, the defendant argues that the retaliatory discharge doctrine does not apply in a case such as this where the public policy allegedly con-

---

this context depending upon the specific nature of plaintiff's other opportunities and whether the foregoing of those opportunities constitutes a benefit to G.E. as well as a tangible, independent detriment to plaintiff. *Compare Heuvelman v. Triplett Electrical Instrument Co.*, 23 Ill.App.2d 231, 235–36, 161 N.E.2d 875 (1st Dist. 1959), *with Molitor v. Chicago Title &*

*Trust Co.*, 325 Ill.App. 124, 132–33, 59 N.E.2d 695 (1945).

**5.** Having decided that Count I should not be dismissed at this time, the Court will not address defendant's arguments under Count II insofar as they depend on the dismissal of Count I.

travened by the discharge can be vindicated through the express mechanisms established by federal and state law. *See* Civil Rights Act of 1964, 42 U.S.C. § 2000e–3 (1976); Illinois Human Rights Act, Ill.Rev.Stat. 1979, ch. 68, § 6–101(A). Indeed, the Illinois courts acknowledged the need to recognize the tort of retaliatory discharge precisely because there was no other remedy available to vindicate the public policy involved. *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 187, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978). *Cf. McCluney v. Jos. Schlitz Brewing Co.*, 489 F.Supp. 24, 26 (E.D.Wisc.1980). In the present case, however, both federal and state law specifically provide that it is an unlawful employment practice to discharge an employee in retaliation for his opposition to unlawful employment practices. 42 U.S.C. § 2000e–3 (1976) and Ill. Rev.Stat.1979, ch. 68, § 6–101(A). Moreover, both federal and state law establish exclusive remedies for the enforcement of their terms and the corresponding vindication of the public policies involved.[6] 42 U.S.C. § 2000e–5(f) (1976) and Ill.Rev.Stat. 1979, ch. 68, § 8–111(D). *See also Manuel v. International Harvester Co.*, 502 F.Supp. 45, 48–49 (N.D.Ill.1980). In light of these statutory remedies, the Court will not imply an independent cause of action in this context.

Plaintiff attempts to avoid his obligation to pursue administrative remedies under federal and state law by recasting the nature of the public policies allegedly contravened by his discharge. The substance of plaintiff's argument appears to be that his discharge was caused by his unwillingness to be compelled to comply with G.E.'s discriminatory practices rather than his unwillingness to comply with those practices

as such. The public policies contravened by plaintiff's discharge, therefore, involve an employee's right to be "free from undue pressure and threats" from his employer and the right "[t]o be free from allowing such an illegal scheme [discriminatory personnel practices] to become a condition of his further employment." Plaintiff's Response at p. 20. In light of these "other" policies threatened by his dismissal, plaintiff argues that the remedies provided by federal and state civil rights laws relating to discrimination itself are insufficient.

Plaintiff's argument advances a distinction without a difference. The amended complaint itself identified the public policy contravened by plaintiff's discharge as that established in the Equal Employment Opportunity Act and the Illinois Human Rights Act. First Amended Complaint, Count III, ¶ 8. The theoretical policy against being compelled to violate these laws is subsumed by the underlying policy against employment discrimination. If plaintiff were permitted to maintain an independent tort on such dependent grounds, the remedies provided by state and federal law would have no meaning. Accordingly, defendant's motion to dismiss Count III is granted.

## COUNT IV

■ Count IV of plaintiff's amended complaint alleges conduct on defendant's part purportedly rising to the level of an intentional infliction of emotional distress under Illinois law. Specifically, plaintiff alleges that he suffered severe emotional distress as the result of G.E.'s repeated accusations and attempts to elicit admissions to the effect that he caused irregularities in job order processing during the

---

**6.** Plaintiff apparently concedes the exclusive nature of the remedies established under federal law. Plaintiff's Response Memo at p. 21. Plaintiff's attempt to analogize the exclusive remedy provision of the Human Rights Act to the exclusive enforcement provision of Workmen's Compensation Act involved in *Kelsay*, Ill.Rev.Stat.1973, ch. 48, § 138.11 is not persuasive. As the Illinois Supreme Court made clear in *Kelsay*, the exclusivity provision of the Workmen's Compensation Act was "meant to limit recovery by employees to the extent provided by the Act in regard to work-related

injuries, and was not intended to insulate the employer from independent tort actions." 74 Ill.2d at 284, 23 Ill.Dec. 559, 384 N.E.2d 353. Accordingly, the Court found that the independent tort of retaliatory discharge was not barred by the statute. In the present case, however, the injury claimed by plaintiff is precisely the same injury the statute was intended to protect against. There is nothing independent about this claim which would permit the Court to imply a remedy outside of the rubric of the Human Rights Act.

course of his employment. Plaintiff also claims to have suffered emotional distress from G.E.'s efforts to compel him against his will to participate in a discriminatory personnel policy. Defendant's motion to dismiss is predicated on the theory that plaintiff has failed to allege the extreme and outrageous conduct necessary to sustain an action alleging intentional infliction of emotional distress. Defendant also argues that plaintiff has failed to allege sufficient facts to support his assertion that he has in fact suffered the kind of severe distress necessary to sustain this cause of action.

Although the Court is not unmindful that the conduct and distress giving rise to this cause of action must be extreme in nature under Illinois law, the factual issues raised in defendant's motion are not appropriately resolved on a motion to dismiss. That these allegations are not likely to rise to the level of a tort under state law cannot control our determination here. Accordingly, defendant's motion to dismiss Count IV is denied.

---

For the foregoing reasons, defendant's motion to dismiss is granted in part and denied in part. It is denied as to Counts I, II, and IV and is granted as to Count III. It is so ordered.