KOULA SILVESTROS, Indiv. and as Ex'x of the Estate of Anthanasios S. Silvestros, a/k/a Tom S. Silvestros, Plaintiff-Appellant, v. SILVESTROS SILVESTROS, Defendant-Appellee.

First District (4th Division)   No. 1—89—3264

Opinion filed November 15, 1990.

Barclay, Damisch & Sinson, Ltd., of Chicago (Mark W. Damisch, of counsel), for appellant.

James H. Wolf & Associates, Ltd., of Chicago (James H. Wolf, of counsel), for appellee.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Plaintiff, Koula Silvestros, individually and as executrix of the estate of Anthanasios S. Silvestros, a/k/a Tom S. Silvestros, brought this action against defendant, Silvestros Silvestros, in the law division of the circuit court of Cook County to enforce an alleged oral agreement to settle other actions then pending in the chancery division. Defendant filed a motion pursuant to both section 2—619(a)(7) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(7)) and the one-year provision of the Statute of Frauds (Ill. Rev. Stat. 1989, ch. 59, par. 1) to dismiss the law division action. The trial court sustained defendant's motion to dismiss with prejudice, and plaintiff has appealed. On appeal, plaintiff contends that the alleged oral agreement was not subject to the one-year provision of the Statute of Frauds.

The record discloses that this matter stems from a family dispute over a restaurant and that several complaints were filed in the chancery division (85—CH—7505, 85— or 86—CH—7686, and 83—CH—09998). Plaintiff filed the present complaint in the law division on March 23, 1989. In the complaint, plaintiff alleged that the parties had held a pretrial conference in one of the chancery cases (85—CH—7505) before Judge Sophia H. Hall. Plaintiff alleged further that the parties had agreed to settle the chancery cases pursuant to the terms of an "agreed order," which was attached as an exhibit to the complaint.

According to the alleged "agreed order," the parties agreed to settle their disputes and defendant agreed to pay $40,000 to plaintiff. The payment terms provided for an immediate lump sum payment of $15,000, to be followed by 25 monthly installment payments of $1,000 each, plus interest. The "agreed order" stated in relevant part as follows:

"IT IS HEREBY ORDERED that judgment is entered against SILVESTROS SILVESTROS in the sum of $40,000.00 to be paid as follows:

1. $15,000.00 within two (2) days of the entry of this order.

2. The sum of $25,000.00 payable at the rate of $1,000.00 per month plus interest pursuant to Chapter 110, Section 2—1303.

IT IS FURTHER ORDERED that in the event the judgment debtor is more than thirty (30) days late with the payment of any installment, the Plaintiff may, by notice, vacate the installment portion of this judgment and accelerate the balance due and have execution issue on the accelerated judgment."

Only plaintiff and her attorney signed the "agreed order." Neither defendant, his attorney nor Judge Hall signed it.

In the complaint, plaintiff sought a judgment in the amount of $40,000 based upon defendant's breach of the alleged agreement, plus interest and attorney fees.

Defendant filed a motion to dismiss pursuant to the one-year provision of the Statute of Frauds, which states in part:

"That no action shall be brought *** to charge any person *** upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed

by the party to be charged therewith, or some other person thereunto by him lawfully authorized." (Ill. Rev. Stat. 1989, ch. 59, par. 1.)

Defendant contended that the alleged agreement was to be performed over a period of 25 months and that it consequently was not capable of being performed within one year. Plaintiff responded that the clause in the agreement providing for acceleration of the debt upon defendant's default rendered the agreement capable of being performed within one year and removed the agreement from the purview of the Statute of Frauds. Defendant replied that the acceleration clause rendered the agreement capable of being terminated but not performed within one year and consequently did not remove the bar of the Statute of Frauds.

During the hearing on the motion to dismiss, plaintiff's attorney stated that an order was entered in December 1987 at the direction of Judge Hall "dismissing the [chancery] case." Plaintiff's attorney stated further that plaintiff then traveled to Greece, and that the settlement documents were mailed to her there, but that by the time she had signed and returned them to her attorney, defendant had decided not to proceed with the settlement agreement.

Plaintiff's attorney stated that he then filed a petition pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) to vacate the December 1987 order dismissing the chancery action. He indicated that Judge Hall intended to deny the section 2—1401 petition because plaintiff had not exercised due diligence in returning the settlement documents here from Greece. Plaintiff's attorney contended that the prospective denial of plaintiff's section 2—1401 petition in the chancery division, combined with the prospective allowance of defendant's section 2—619 motion to dismiss in the law division, would leave plaintiff without a remedy.

In dismissing the action in the law division with prejudice, the trial court ruled that the Statute of Frauds barred enforcement of the alleged agreement.

It is undisputed that the "agreed order" was not a writing signed by the party to be charged. (Ill. Rev. Stat. 1989, ch. 59, par. 1.) Therefore, the issue on appeal is whether the one-year provision of the Statute of Frauds bars enforcement of the alleged agreement set forth in the "agreed order."

■ The test to determine if an agreement is subject to the one-year provision of the Statute of Frauds is whether, when it was made, it was capable of full performance within one year, not whether full performance was likely. (See *Martin v. Federal Life Insurance Co.*

(1982), 109 Ill. App. 3d 596, 604, 440 N.E.2d 998; *Stein v. Malden Mills, Inc.* (1972), 9 Ill. App. 3d 266, 271-72, 292 N.E.2d 52.) "[A] contract is unenforceable only if it is impossible to perform the contract within one year. [Citations.] If, however, it appears from a reasonable interpretation of the terms of the agreement that it is capable of performance within one year, the Statute of Frauds is inapplicable." (*Hartbarger v. SCA Services, Inc.* (1990), 200 Ill. App. 3d 1000, 1016, 558 N.E.2d 596.) To be outside of the one-year provision of the Statute of Frauds, "the contract must be capable of being fully performed within one year and not simply terminated by some contingency such as death or bankruptcy." *Gilliland v. Allstate Insurance Co.* (1979), 69 Ill. App. 3d 630, 633, 388 N.E.2d 68; see also *Derby Meadows Utility Co. v. Inter-Continental Real Estate* (1990), 202 Ill. App. 3d 345, 356.

■ On the defendant's motion to dismiss, the trial court must treat as true all well-alleged facts in the complaint and any exhibits attached to the complaint, must construe all reasonable inferences in the plaintiff's favor, and must consider whether the defendant has presented an affirmative defense that could defeat the plaintiff's cause of action. *Prodromos v. Poulos* (1990), 202 Ill. App. 3d 1024, 1028.

■ Turning to the present case and treating as true all of the well-pleaded facts in plaintiff's complaint and the attached exhibits, we believe that the one-year provision of the Statute of Frauds bars enforcement of the alleged agreement and defeats plaintiff's cause of action. The alleged agreement provided for the payment of $40,000 in a particular manner, *i.e.*, an initial payment of $15,000, to be followed by 25 monthly installment payments in the amount of $1,000 each, plus statutory interest. The agreement consequently was to be performed over a period of 25 months, not within one year, and was subject to the one-year provision of the Statute of Frauds. The presence of the acceleration clause does not compel a contrary conclusion.

The acceleration clause provided that in the event that defendant defaulted for more than 30 days in the payment of any installment, plaintiff could elect to declare the entire balance due and execute on the judgment. Plaintiff asserts that defendant could have defaulted in his payments, and that plaintiff could then have accelerated the debt, within one year from the making of the alleged agreement. According to plaintiff, the acceleration clause therefore rendered the agreement capable of being fully performed within one year, and the acceleration clause removed the bar of the Statute of Frauds. We disagree.

Acceleration would have permitted plaintiff to execute upon or at-

tempt to enforce a judgment. There is no final judgment upon which execution could issue in this case. Even assuming the existence of such a judgment, and assuming further that defendant defaulted within one year, that plaintiff invoked the acceleration clause within one year, and that defendant was financially able to satisfy the debt, we do not believe that acceleration would have been tantamount to performance. As we observed earlier, acceleration would have permitted plaintiff to execute upon or enforce the judgment. However, plaintiff's efforts to execute would have terminated the 25-month installment payment period prescribed by the "agreed order." The parties might have had tax reasons or other reasons for structuring the payments over a 25-month period. Whatever their reasons might have been, the 25-month period was an explicit element of the alleged agreement which was not capable of being performed through acceleration of the debt. Indeed, acceleration of the debt would necessarily have resulted in the termination, not the performance, of the 25-month payment plan. Given these circumstances, the acceleration clause did not serve to remove the "agreed order" from the scope of the Statute of Frauds.

The contingencies of defendant's default and plaintiff's acceleration of the debt were similar in effect to the contingencies in *Gilliland v. Allstate Insurance Co.* (1979), 69 Ill. App. 3d 630, 388 N.E.2d 68, and *Derby Meadows Utility Co. v. Inter-Continental Real Estate* (1990), 202 Ill. App. 3d 345. In *Gilliland v. Allstate Insurance Co.*, the death or voluntary departure of an employee were contingencies which would have terminated a contract to employ him until age 62, and those contingencies therefore did not remove the contract from the one-year provision of the Statute of Frauds. In *Derby Meadows Utility Co. v. Inter-Continental Real Estate*, the inability to obtain a public utility certificate was a contingency which not only terminated the contract but rendered it a nullity and therefore did not remove the contract from the one-year provision of the Statute of Frauds.

Our conclusion is not inconsistent with the cases cited by plaintiff. For example, in *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 440 N.E.2d 998, and *Stein v. Malden Mills, Inc.* (1972), 9 Ill. App. 3d 266, 292 N.E.2d 52, the contracts were capable of being fully performed within one year despite contingencies such as plaintiff's retirement or voluntary departure (*Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 440 N.E.2d 998) and plaintiff's death or his customer's failure to reorder certain fabric (*Stein v. Malden Mills, Inc.* (1972), 9 Ill. App. 3d 266, 292 N.E.2d 52). In the present case, however, the contingencies of defendant's default and

plaintiff's acceleration of the debt would have prevented performance of the alleged agreement, which specifically called for defendant to make installment payments over a period of 25 months. *Martin v. Federal Life Insurance Co.* and *Stein v. Malden Mills, Inc.,* consequently are not factually analogous to the case at bar. Furthermore, *Martin v. Federal Life Insurance Co.* has been criticized in a recent case. See *Koch v. Illinois Power Co.* (1988), 175 Ill. App. 3d 248, 254, 529 N.E.2d 281.

■ Finally, plaintiff asserts that the application of the Statute of Frauds will leave her without a remedy. However, the record does not show that Judge Hall actually denied plaintiff's section 2—1401 petition to vacate the dismissal of one of the chancery actions, nor does the record indicate that the other chancery actions are not currently pending. We therefore reject plaintiff's argument that she will be left without a remedy because her argument is improperly predicated upon matters which lie outside the record on appeal. See *Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 92, 468 N.E.2d 459.

The judgment of the circuit court is affirmed.

Judgment affirmed.

JOHNSON and JIGANTI, JJ., concur.