Rudolph L. **LUCIEN**, Plaintiff–
Appellant,

v.

Barbara A. **PREINER**, Defendant–
Appellee.

No. 90–3794.

United States Court of Appeals,
Seventh Circuit.

Submitted June 16, 1992 *.

Decided July 14, 1992.

Rudolph L. Lucien, pro se.

Mark V. Puccio, Elizabeth A. Knight, Anita J. Comerford, Knight, Hoppe, Fanning & Knight, Des Plaines, Ill., for defendant-appellee.

Before CUMMINGS, POSNER and MANION, Circuit Judges.

PER CURIAM.

This case presents the novel question of whether absolute immunity shields prosecutors from liability under 42 U.S.C. § 1983 for statements they make in an executive clemency proceeding. We conclude that it does.

In 1980, Rudolph Lucien was convicted of armed robbery and three counts of armed violence in the Circuit Court of DuPage County. In 1989, Lucien filed an application for executive clemency with the Illinois Prisoner Review Board (PRB). Pursuant to statute, the PRB notified the DuPage County State's Attorney of Lucien's pending application. Ill.Rev.Stat. ch. 38, para. 1003–3–13(b) (1991). Defendant Barbara Preiner, an assistant state's attorney of DuPage County, responded to the notice with a letter stating that the DuPage County State's Attorney's Office is "vehemently opposed" to any extension of clemency to Lucien. Lucien's application for clemency was subsequently denied.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.

R.App.P. 34(a); Cir.R. 34(f). Appellee has filed a "Statement as to Conditional Need for Oral Argument." Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record.

Lucien now brings suit under 42 U.S.C. § 1983, charging that the defendant's letter was filled with "concoctions, intentional misrepresentations, and slanderous statements," and resulted in a denial of due process and equal protection of the law. He seeks compensatory and punitive damages from the defendant, a declaratory judgment that the defendant's conduct violated his Fourteenth Amendment rights, and an injunction against the allegedly unconstitutional conduct. The district court dismissed the case pursuant to the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b) for failure to state a claim. The district court held that the defendant had absolute immunity from damages, and that Lucien was not entitled to declaratory or injunctive relief.

## I. Absolute Immunity

We must consider three factors in determining whether a prosecutor is absolutely immune from damages for her conduct: "the common law in 1871 (when Congress enacted 42 U.S.C. § 1983), the risk of vexatious litigation if immunity is unavailable, and the role of the judicial process in controlling the prosecutor if damages are unavailable." *Buckley v. Fitzsimmons,* 952 F.2d 965, 967 (7th Cir.1992) (citing *Burns v. Reed,* —— U.S. ——, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)). In the present case, all three factors favor granting the defendant absolute immunity for her statements in the letter to the PRB.

At common law, prosecutors were absolutely immune from damages for making false or defamatory statements in judicial proceedings. *Burns,* 111 S.Ct. at 1941. This immunity was extended to encompass a prosecutor's conduct in "'any hearing before a tribunal which perform[ed] a judicial function.'" *Id.* (quoting W. Prosser, Law of Torts § 94, pp. 826–27 (1941)). As a result, a prosecutor's statements before a grand jury are protected, *see Burns,* 111 S.Ct. at 1941, as are a prosecutor's statements to a parole board supporting the denial of parole. *Johnson v. Kegans,* 870 F.2d 992, 997 (5th Cir.), *cert. denied,* 492

U.S. 921, 109 S.Ct. 3250, 106 L.Ed.2d 596 (1989). In evaluating petitions for executive clemency, the PRB is essentially performing a judicial function. Based on the evidence before it, the PRB makes a recommendation to the governor for or against clemency. Ill.Rev.Stat. ch. 38, para. 1003–3–13(c); Ill.Admin.Code tit. 20, ch. IV, §§ 1610.180(f) & (h) (1991). The state's attorney, moreover, is performing a prosecutorial activity in arguing against granting a defendant executive clemency. *Compare Burns,* 111 S.Ct. at 1943–44 (no absolute immunity for prosecutor acting in investigatory capacity). A determination of executive clemency, like a parole decision, is an extension of the sentencing process. *Compare Johnson,* 870 F.2d at 998. The state's attorney is performing a prosecutorial duty when she helps the court ascertain the appropriate sentence for a particular defendant, and she continues to do so when defending that sentence if it is challenged. In an executive clemency proceeding, a defendant seeks to modify the terms of the original sentence, and it is the state's attorney who is relied upon to protect the public's interest. *See* Ill.Ann.Stat. ch. 38, para. 1003–3–13, *Council Commentary* (Smith–Hurd 1982). The common law thus supports the application of absolute immunity in this case.

The risk of vexatious litigation would certainly increase if the state's attorney did not enjoy absolute immunity for statements in executive clemency proceedings. Pursuant to statute, the PRB seeks the state's attorney's input on every clemency application. Leaving the state's attorney vulnerable to attack for her response to applications for clemency may interfere with her duty to protect the public interest. The threat of personal liability may chill the state's attorney in her advocacy for the State, thus giving the PRB an incomplete picture in evaluating clemency applications. *See Imbler v. Pachtman,* 424 U.S. 409, 426, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). In addition, the state's attorney's statements may be seized upon by the inmate to relitigate the merits of his underlying convic-

**1168**

tion.[1]

There are alternate safeguards in place to insure that an assistant state's attorney does not present misleading or fraudulent information to the PRB. There is nothing to prevent the plaintiff from filing a new application for executive clemency in which he may attack any inaccuracies in the defendant's letter. The state's attorney is subject to professional discipline by an association of her peers. She is also subject to removal from office if she abuses her authority. *See* Ill.Rev.Stat. ch. 34, para. 4–2003 (1991); *Henderson v. Lopez,* 790 F.2d 44, 47 (7th Cir.1986).

## II. Declaratory and Injunctive Relief

■ The district court dismissed plaintiff's request for declaratory and injunctive relief, noting that it could see nothing in the defendant's letter that was false or misleading and Lucien had identified nothing. Lucien maintains on appeal that he did not have a chance to prove which statements were false or misleading prior to the dismissal of his complaint. He asserts that for purposes of a motion to dismiss for failure to state a claim, we must accept as true his allegation that the defendant's letter contained lies.

Even the liberal system of notice pleading embodied in the Federal Rules of Civil Procedure requires more than such a bald assertion. A complaint must at least "include the operative facts upon which a plaintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 198 (7th Cir.1985). Lucien's failure to allege anything more than that the defendant lied in her letter, without even stating what those lies are, is simply not enough to state a claim for declaratory or injunctive relief.

The judgment of the district court is

AFFIRMED.

**1.** Judging from the record and his submissions to this court, this is apparently what the plaintiff is attempting to do in the case at bar.