**CENTRAL DIVERSEY M.R.I. CENTER, INC., an Illinois corporation, Plaintiff,**

v.

**MEDICAL MANAGEMENT SCIENCES, INC., a Maryland corporation, Defendant.**

**No. 96 C 4588.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 12, 1996.

---

William Samuel Wigoda, Chicago, IL, for Plaintiff.

Robert A. Carson, Craig Carnell Cunningham, Gould & Ratner, Chicago, IL, for Defendant.

### MEMORANDUM OPINION

KOCORAS, District Judge:

This case comes before us on defendant Medical Management Sciences, Inc.'s motion to dismiss certain counts pursuant to Fed. R.Civ.P. 12(b)(6). For the reasons discussed below, the motion is granted.

### BACKGROUND

The plaintiff, Central Diversey M.R.I. Center, Inc. ("Plaintiff"), brought this three-count complaint against the defendant, Medical Management Sciences, Inc. ("Defendant"). Jurisdiction is predicated on diversity of citizenship. Plaintiff's allegations are quite simple. Plaintiff is a medical service provider. Defendant sent Plaintiff a document entitled "Scope of Services," in which it offered to provide assistance with billing and account collection. On August 1, 1994, the parties entered into a contract ("the Agreement"), pursuant to which Plaintiff would compensate Defendant for its collection services. In April, 1995, the parties terminated the agreement, apparently because Plaintiff was unhappy with the services performed by Defendant.

Plaintiff then filed this complaint. Count I ("Breach of Contract") alleges that Defendant breached the contract by failing to fulfill its duties under the Agreement. Count II ("Promissory Estoppel") alleges that Plaintiff relied to its detriment on Defendant's representations, and that Defendant is thus liable for its breach of those representations. Count III ("Consumer Fraud") alleges a violation of the Illinois Consumer Fraud Act, 815 ILCS 505 *et seq.* Defendant has filed this motion to dismiss Counts II and III.

### LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted since, in ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Hartford Fire Insurance Co. v. California,* 509 U.S. 764, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993); *Sherwin Manor Nursing Center, Inc. v. McAuliffe,* 37 F.3d 1216, 1219 (7th Cir.1994), *cert. denied,* ⸺ U.S. ⸺, 116 S.Ct. 172, 133 L.Ed.2d 113 (1995). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir.), *cert. denied,* 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992). We turn to the motion before us with these principles in mind.

### DISCUSSION

The defendant moves to dismiss Counts II and III of the complaint. We note preliminarily that the parties appear to agree that

Illinois law controls here. Count II is a claim for promissory estoppel. Defendant argues that under Illinois law, a claim for promissory estoppel exists only where there is no enforceable contract between the parties. In this case, Plaintiff has alleged, and Defendant has conceded, that the Agreement constitutes an enforceable contract. Therefore, Defendant argues, Plaintiff does not have a valid promissory estoppel claim. The plaintiff does not contest this portion of the defendant's motion. Therefore, Count II of the complaint is dismissed.

The only issue in dispute between the parties is the validity of Count III. Count III alleges a violation of the Illinois Consumer Fraud Act, 815 ILCS § 505 *et seq.* ("the Act"). The Act states in relevant part:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived, or damaged thereby."

815 ILCS 505/2. Despite the broad language of the Act, however, the courts have limited the application of the Act. Not surprisingly, these courts require simply that the conduct complained of under the "Consumer Fraud Act" have some impact on consumers.

■ While the courts agree that there is a requirement of a "consumer nexus," they have offered various formulations of this nexus. These formulations have included significant discussion as to whether the nexus is different if the plaintiff is a "consumer" or a business. *See Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.,* 190 Ill. App.3d 524, 137 Ill.Dec. 409, 417, 546 N.E.2d 33, 41 (Ill.App. 2 Dist.1989); *Century Universal Enterprises, Inc. v. Triana Development Corp.,* 158 Ill.App.3d 182, 110 Ill.Dec. 229, 239, 510 N.E.2d 1260, 1270 (Ill.App. 2 Dist.1987). It is now clear that businesses, at least in certain situations, may sue under

the Act. *Downers Grove,* 137 Ill.Dec. at 417, 546 N.E.2d at 41. However, it is equally clear that every breach of contract does not constitute a cause of action under the Act. "[C]ourts have consistently resisted attempts by litigants to portray otherwise ordinary breach of contract claims as causes of action under the Act." *Lake County Grading Co. v. Advance Mechanical Contractors, Inc.,* 275 Ill.App.3d 452, 211 Ill.Dec. 299, 306, 654 N.E.2d 1109, 1116 (Ill.App. 2 Dist.1995).

■ In an attempt to clear up the confusion surrounding the "consumer nexus," the most recent Illinois Appellate Court opinion on the Act formulated a general rule for considering claims under the Act. "Where a plaintiff attempts to allege a violation of the Act in a case which appears on its face to involve only a breach of contract, the relevant inquiry is 'whether the alleged conduct ... implicates consumer protection concerns.'" *Id.* (quoting *Downers Grove,* 137 Ill.Dec. at 417, 546 N.E.2d at 41). The Seventh Circuit has also recognized the vitality of this rule. *See Athey Products Corp. v. Harris Bank Roselle,* 89 F.3d 430, 436–37 (7th Cir.1996) (citing *Lake County Grading* for the same rule); *Scarsdale Builders v. Ryland Group, Inc.,* 911 F.Supp. 337, 340 (N.D.Ill.1996) (same). For instance, in *Lake County Grading,* a subcontractor sued a general contractor for breach of contract and for violation of the Act. The court found that an alleged breach of a construction contract between a general contractor and a subcontractor did not implicate consumer protection concerns.

■ Plaintiff's claim does not satisfy the "consumer nexus." The claim is clearly one for a single breach of contract, of the sort which courts are consistently reluctant to allow under the Act. Moreover, the conduct complained of does not sufficiently implicate consumer protection concerns. Plaintiff alleges that Defendant conducted an unfair trade "practice" by advertising and soliciting in the hope of inducing potential customers into engaging Defendant's services where Defendant "has no intention of performing." (Complaint at ¶ 35a). This allegation is a naked attempt to avoid the rule prohibiting suits under the Act in ordinary breach-of-

**578**

contract situations. Plaintiff alleges no broad misrepresentation to the public, other than the purported scheme to attract business with no intention of performing the promised services. To recognize this as a claim under the Act would allow any breach-of-contract plaintiff to claim that the defendant engages in a "policy" of entering contracts and then breaching them. This result would undermine the very purpose of this rule: to prevent plaintiffs from "supplement[ing] or replac[ing] every breach of contract of claim with an additional and redundant remedy under the Act." *Lake County Grading,* 211 Ill.Dec. at 306, 654 N.E.2d at 1116.

Finally, we note that Plaintiff argues that it is a "consumer" for purposes of the Act, because it contracted with the defendant to receive services from the defendant. It is unclear whether, under the latest formulation of the "consumer nexus," the consumer/non-consumer distinction survives. We also note that Judge Shadur of this district has rejected this "business as consumer" argument in a similar Consumer Fraud Act case. *See Scarsdale Builders,* 911 F.Supp. at 340 n. 8. In any case, it is clear that any breach-of-contract suit must implicate consumer concerns: the rule applies to all plaintiffs, whether "consumers" or not. This suit does not raise such concerns. Therefore, we find that the claim is insufficient under the Act.

## CONCLUSION

For the reasons stated above, the motion to dismiss Counts II and III is granted.