Irma J. KLECKLEY, Plaintiff,

v.

MILWAUKEE PUBLIC SCHOOLS, Defendant.

No. 97–C–1247.

United States District Court, E.D. Wisconsin.

Aug. 25, 1998.

Irma Kleckley, Milwaukee, WI, pro se.

Tracy Johnson, Office of City Attorney, Milwaukee, WI, for Defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action brought by the plaintiff alleging that the defendant discriminated against her based on her age in violation of the Age Discrimination in Employment Act, ["ADEA"], 29 U.S.C. § 621, et seq. Present-

ly before the court is the defendant's motion to dismiss the amended complaint under Rule 12(b)(6). Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. The motion will be denied.

A motion to dismiss under Rule 12(b)(6), will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Kaplan v. Shure Brothers, Inc.*, 153 F.3d 413 (7th Cir.1998). While this standard is high, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action in order to withstand a motion to dismiss. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.), *cert. denied*, 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992). Moreover, for purposes of analyzing a Rule 12(b)(6) motion only, this court is required to accept as true all of the facts alleged in the complaint and to draw all reasonable inferences from them in the plaintiff's favor. *Kaplan*, 153 F.3d at 417; *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir.1997).

## I. FACTUAL BACKGROUND

The amended complaint alleges the following facts. Ms. Kleckley, who is presently 60 years old, began working for the Milwaukee Public Schools ["MPS"] on June 22, 1992, as a "Secretary I" in the "Management Information Systems Office." She was transferred to a secretarial position in the "Parent Services Center" on June 12, 1995. Ms. Kleckley alleges that she has always performed her work in a satisfactory manner. (First Amended Complaint ¶ 8.)

From November 13, 1996, through January 26, 1998, Ms. Kleckley was subjected to the following treatment by her supervisor, Cloria Wheeler:

loud reprimands in front of co-workers, putting deadlines on work assigned to the Plaintiff, while not doing so for other similarly situated employees, making false and fabricated allegations of insubordination for the purposes of causing the Plaintiff to be disciplined, falsely evaluating the quali-

ty of [her] work performance. The employees who were treated more favorably by Ms. Wheeler were all younger that the Plaintiff.

(First Amended Complaint ¶ 10.) In addition, Ms. Wheeler made the following statements to Ms. Kleckley: "I wonder how I'll look when I'm 59" and "You don't have many wrinkles for your age."

Ms. Wheeler falsely accused Ms. Kleckley of calling her a "fat ass." As a result of this false accusation, the plaintiff was suspended from work "between December 2, 1996 and December 5, 1996, and December 19, 1996." (Complaint ¶ 13.) The plaintiff was again suspended from work between February 25, 1997 and February 27, 1997 when Ms. Wheeler falsely accused the plaintiff of telling Ms. Wheeler to "shut up."

According to Ms. Kleckley, the "false accusations that led to [her] various suspensions from work were motivated by Ms. Wheeler's improper age animus." As a result of her suspensions, the plaintiff lost income and benefits.

## II. LAW AND ANALYSIS

■ There are two ways that a plaintiff like Ms. Kleckley can establish age discrimination in employment. The first method of proof is to produce direct evidence which shows that the employee's age was a substantial factor in the employer's challenged employment action. *Konowitz v. Schnadig Corp.*, 965 F.2d 230, 232 (7th Cir.1992). The second method of proof is the so-called *McDonnell Douglas* method, the frequently used burden-shifting framework first set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 889 (7th Cir.1997). Although the United States Supreme Court has never actually held that the *McDonnell Douglas* scheme applies in the ADEA context, the court of appeals for the seventh circuit has concluded that using the burden-shifting approach in a typical ADEA case makes sense. *Id.*

■ Under the *McDonnell Douglas* standard, Ms. Kleckley first has the burden of

establishing a prima facie case of age discrimination by showing all of the following: (1) she was in the protected age group of 40 or older; (2) she was performing her job satisfactorily; (3) she was discharged or subjected to a materially adverse employment action; and (4) younger employees were treated more favorably. *See Id.* at 890, 93 S.Ct. 1817; *Taylor v. Canteen Corp.,* 69 F.3d 773, 779 (7th Cir.1995); and *Pollard v. Azcon Corp.,* 904 F.Supp. 762, 769 (N.D.Ill.1995). If the plaintiff establishes a prima facie case, there is a rebuttable presumption of age discrimination. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506–507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (citing *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

■ The defendant argues that dismissal of the plaintiff's complaint is warranted because she has failed to allege direct evidence of discrimination and she has not alleged facts which establish a prima facie case of age discrimination under the *McDonnell Douglas* scheme. According to the defendant, Ms. Kleckly has not alleged a prima facie case of age discrimination because:

she has not performed her job duties up to her employer's expectations; the plaintiff has not been discharged or demoted, merely disciplined; and the employer has not replaced the plaintiff because she still maintains a position with the employer.

(Defendant's Brief, p. 9.) The first problem with the defendant's assertion is that it overlooks the fact that Ms. Kleckley has alleged in paragraph 8 of her first amended complaint that she performed her job duties in a satisfactory manner—an allegation which this court is required to accept as true for purposes of this motion to dismiss. Further, the defendant's contention that a prima facie case of age discrimination has not been alleged because the plaintiff has not been "discharged, demoted or replaced" is legally without merit.

■ Age discrimination claims are not limited to persons who have been discharged or demoted. As previously stated, one of the elements of a prima facie case is that the plaintiff demonstrate that she suffered an adverse employment action. The court of appeals for the seventh circuit has interpreted that term broadly and concluded that:

A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinquished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

In my opinion, a suspension without pay falls well within this expansive definition of adverse employment action. Other courts have arrived at the same conclusion. *See Landefeld v. Marion General Hosp., Inc.,* 994 F.2d 1178 (6th Cir.1993); *Tweedall v. Fritz,* 987 F.Supp. 1126 (S.D.Ind.1997); *Pollard,* 904 F.Supp. 762.

Accordingly, the defendant's contention that Ms. Kleckley has failed to allege a prima facie case of age discrimination is without merit. Having made this determination, I need not assess whether she has sufficiently alleged discrimination under the direct method of proof.

■ The defendant also argues that dismissal of the complaint is warranted because MPS is not a suable entity. The defendant contends that pursuant to Wis. Stat. § 119.68, the plaintiff should have brought her claims against the Milwaukee Board of School Directors ["MBSD"] or the city of Milwaukee as opposed to MPS. While Ms. Kleckley Improperly designated MPS—which is not a suable entity—as the defendant in this action, such deficiency does not, in my opinion, justify dismissal of the action. *See Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 307 (7th Cir.1993) (inappropriate to affirm the district court's dismissal of complaint solely because the plaintiff failed to designate a suable entity in his complaint). This is so because district courts are required to construe pro se complaints liberally and are permitted under Rule 15(a), Federal Rules of Civil Procedure, to allow a party to amend complaints "when justice so requires." *Id.*

Rather than dismissing the complaint, the plaintiff will be directed to serve, in compli-

ance with the requirements of Rule 4, Federal Rules of Civil Procedure, and to file an amended complaint which designates the MBSD or the city of Milwaukee, whichever is appropriate, as the defendant in place of MPS, within 20 days of the date of this decision and order. Failure to serve and file the amended complaint within this time period will result in dismissal of this action, without prejudice.

### ORDER

Therefore, IT IS ORDERED that the defendant's motion to dismiss be and hereby is denied, with costs.

IT IS ALSO ORDERED that the plaintiff be and hereby is directed to serve and file an amended complaint which designates the MBSD or the city of Milwaukee as the defendant in place of MPS, within 20 days of the date of this decision and order.