Anthony V. CZAPLA, Plaintiff,

v.

COMMERZ FUTURES, LLC., a Delaware limited liability company; Commerze Futures Corporation, a Delaware corporation; and Commerzbank AG, a foreign banking office, Defendants.

No. 99 C 5634.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 25, 2000.

---

Alan Barinholtz, Barinholtz & Gault, Chicago, IL, Mark H. Barinholtz, Chicago, IL, for plaintiff.

Ashish Shanker Prasad, Mayer, Brown & Platt, Chicago, IL, for defendants.

### MEMORANDUM OPINION

KOCORAS, District Judge.

This matter comes before the Court on Defendants' motion to dismiss. For the reasons set forth below, the Court denies Defendants' motion.

### BACKGROUND

Plaintiff Anthony V. Czapla ("Czapla") filed a three-count complaint against Defendants Commerz Futures, LLC ("Commerz LLC"), Commerz Futures Corp.

("Commerz Corp.") (collectively, the "Defendants"), and Commerzbank AG ("Commerz AG") for breach of an employment contract. For purposes of this motion, the Court is obligated to take as true the following alleged facts which come from Plaintiff's complaint.

Czapla was a futures and options broker who transacted business with Commerz Corp., which is a registered futures commission merchant. Commerz LLC is allegedly the entity which succeeded to the business of Commerz Corp. on or about January 1999. Commerz AG is a German banking corporation, which is the registered principal, parent and/or sole owner of Commerz Corp. and Commerce LLC.

On or about June 15, 1997, Czapla entered into a written employment contract with Commerz Corp. (the "Contract"). The Contract provided several methods for termination, one of which was that the Contract would expire, unless earlier terminated by either party, on June 14, 1998. The Contract also provided that "neither this Agreement nor any provision hereof may be waived, modified, amended or changed except by an agreement in writing executed by both parties hereto." About one week before the June 14, 1998 contract expiration date, Czapla allegedly reached a mutual agreement with Colleen Baer ("Baer"), the Chief Executive Officer of Commerz Corp., to continue Czapla's employment under the terms of the Contract for an unspecified period of time, subject to termination by either party or until such time as the parties might enter into a further written agreement.

Czapla continued to work for Commerz Corp. under the same terms of the Contract until about February 1999. At that time, Commerz LLC, which had by then succeeded Commerz Corp., notified Czapla that it wanted to reduce the parties' agreement into writing to include certain terms that were different from the previous Contract. For example, Commerz LLC wanted to pay Czapla monthly rather than quarterly, to reduce the termination notice period from 90 days to 30 days, and to change the basis upon which interest income would be calculated and paid to Czapla. On or about March 2, 1999, Commerz LLC provided Czapla with a copy of the proposed agreement and indicated that if Czapla did not sign by March 5, 1999, he would be terminated. Because Czapla and Commerz LLC failed to agree on changes to the Contract, Commerz LLC terminated Czapla on or about March 5, 1999.

In his complaint, Czapla seeks certain monies he alleges Commerz Corp. and Commerz LLC owe him, which include commissions and interest income as of the time of the termination notice and for a period of at least 90–days thereafter. Defendants move to dismiss all counts of Czapla's complaint, arguing that Czapla fails to allege the existence of a contract, but rather depends on an invalid oral modification, that Czapla's breach of contract claim violates the statute of frauds, and that Czapla fails to state a claim against Commerz LLC and Commerz AG. Czapla has since voluntarily dismissed Commerz AG as a defendant.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. A defendant must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993), *cert. denied*, 510 U.S. 1012, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nonetheless, in order

to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992), *cert. denied*, 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992). With these principles in mind, the Court evaluates Defendants' motion.

## DISCUSSION

### I. Modification

Defendants argue that the Court should dismiss Czapla's breach of contract claim because there existed no contract after the Contract's June 14, 1998 expiration date. According to Defendants, the alleged oral agreement between Baer and Czapla to extend the Contract terms was ineffective in the face of the Contract's clause that provides that modifications or amendments must be agreed to in writing by both parties. Czapla counters that the complaint does not allege that the oral agreement was a modification or amendment of the Contract, but was a separate new contract merely using the same terms as the old Contract. In the alternative, Czapla argues that if the oral agreement is viewed as an extension of the Contract, Defendants waived the Contract's requirement that all modifications or amendments had to be in writing.

Because the Court agrees that Czapla alleges an extension of his Contract rather than the creation of a new contract, the Contract provision requiring modifications and amendments to be in writing is applicable. However, because the facts may demonstrate that Defendants waived this provision, the Court declines to dismiss Czapla's contract claim on this basis. Czapla alleges in his complaint that:

Approximately one week prior to the expiration of the contract, Czapla and Commerz Futures Corp., by its Chief Executive Officer, Colleen Baer, mutually agreed to continuing Czapla's employment under all of the terms of the written agreement, but for an unspecified period of time, subject to termination by either party or until such time as the parties might enter into a further written agreement.

Even when viewing the complaint's allegations in a light most favorable to Plaintiff, only the most strained interpretation could view this language as alleging the creation of a new contract rather than the continuation of the previous Contract. The complaint's plain language alleges that before the contemplated expiration of the employment Contract, the parties agreed to continue the employment relationship. Nowhere does Plaintiff mention that a "new" contract was ever formed nor does Plaintiff allude that the original Contract terminated so as to even enable a new contract to take its place. Further, Czapla uses the word "continue" again in the next paragraph of his complaint to indicate that Commerz LLC continued, or carried onward without interruption, Commerz Corp.'s contract with Czapla. As such, the Court reads Plaintiff's complaint to allege an extension of the Contract.

Such a Contract modification may have been valid because Defendant may have waived the Contract's provision prohibiting modifications and amendments unless in writing. In Illinois, oral contract modifications are permissible even if the contract contains a provision banning oral modifications. *See R.T. Hepworth Co. v. Dependable Ins. Co., Inc.*, 997 F.2d 315, 317 (7th Cir.1993), *citing Duncan v. Cannon*, 204 Ill.App.3d 160, 168, 561 N.E.2d 1147, 1152, 149 Ill.Dec. 451, 456 (1st Dist. 1990); *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 78 F.3d 266, 277 (7th Cir.1996); *Bell & Howell Financial Servs. Co. v. St. Louis Pre–Sort, Inc.*, No. 97 C 6063, 1999 WL 35316 (N.D.Ill. Jan.11, 1999). This is because such a provision may be waived. *See, e.g., Roboserve*, 78 F.3d at 277. A claimant must, however, prove waiver of the provision by clear and convincing evidence. *See id.*

Defendants argue that because Czapla has not pled waiver of the provision requiring modifications to be in writing, he cannot argue it in order to prevent the dismissal of his claim. Although Czapla

does not specifically allege that Defendants' waived the provision of the contract requiring modifications and amendments to be in writing, Czapla has alleged sufficient facts to give Defendants notice of such a claim. The federal courts have liberal notice pleading requirements, which require only a "short and plaint statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Pleadings must only serve to give notice of the claim; "the development of legal theories and the correlation of facts to theory come later in the process." *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir.1999). Moreover, a court will not dismiss a claim "if any facts that might be established within those allegations would permit a judgment for the plaintiff." *Id., quoting Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir.1998).

Czapla has alleged actions of Defendants which may support a finding that Defendants' waived the provision requiring modifications to be in writing. Czapla claims that one week prior to expiration of the Contract, Commerz Corp. agreed to continue his employment for an unspecified time until either of them wished to terminate the Contract or wished to enter into a further written agreement. The fact that the parties may have based the Contract extension on an oral agreement, which by its alleged terms passed on any writing until a further agreement but continued the terms of the Contract, could support the notion that Defendants waived the Contract requirement that modifications and amendments be in writing. Further, Czapla alleges that following the oral Contract extension, the two parties continued doing business under the terms of the Contract for months after the date the contract was set to expire. At this juncture, it is unclear what the facts will prove, and for purposes of this motion, the Court finds that Czapla has sufficiently alleged a waiver of the Contract provision requiring modifications to be in writing. *Cf. Veazey*, 194 F.3d at 854.

Because Defendants may have waived the Contract provision requiring modifications and amendments to be in writing, the Contract extension may have been permissible. Thus, the fact that Czapla bases his breach of contract claim on the extended Contract would not render his claim insufficient under Rule 12(b)(6).

## II. Statute of Frauds

Defendants also argue that the parties' oral agreement violates the statute of frauds, 740 ILCS § 80/1. The statute of frauds provides in relevant part that:

> No action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized. 740 ILCS § 80/1.

Because the parties allegedly orally agreed to an unspecified employment term, Defendants contend that the oral agreement is one that is not to be fully performed within one year of its making.

Defendants cite *McInerney v. Charter Golf, Inc.*, 176 Ill.2d 482, 680 N.E.2d 1347, 223 Ill.Dec. 911 (1997) as resolving any confusion as to whether contracts of indefinite duration fall within the statute of frauds. *McInerney* held that a contract for lifetime employment fell within the statute of frauds because "Inherently, it anticipates a relationship of long duration-certainly longer than one year." *Id.* at 490, 223 Ill.Dec. 911, 680 N.E.2d 1347. Thus, contracts for lifetime employment must be in writing. *Id.* However, *McInerney* did not speak to all contracts of indefinite duration, and it did not hold that all employment contracts without specific duration are lifetime contracts. *See Nolan v. American Library Ass'n, Inc.*, No. 97 C 7145, 1998 WL 173304, at *3 (N.D.Ill. Apr. 8, 1998). Because Czapla has alleged that

his oral Contract extension was one for an unspecified period of time, *McInerney* is inapposite.

In Illinois, contracts of indefinite duration are presumed to be "at will." *See McInerney,* 176 Ill.2d at 485, 223 Ill.Dec. 911, 680 N.E.2d 1347. Oral contracts for at will employment are outside the statute of frauds. *See Krieger v. Adler, Kaplan & Begy,* No. 94 C 7809, 1997 WL 323827, at *9 (N.D. Ill. June 11, 1997), *citing Balstad v. Solem Machine Co.,* 26 Ill.App.2d 419, 168 N.E.2d 732, 734 (1960); *Lamaster v. Chicago and Northeast Illinois District Council of Carpenters Apprentice and Trainee Program,* 766 F.Supp. 1497, 1507–1508 (N.D.Ill.1991). Thus, the statute of frauds does not defeat Czapla's breach of contract claim.

Moreover, an employee can still demand the promised benefits under an at-will agreement with his employer even though that employee cannot enforce its employment provision. *See Alerquin v. General Fire Extinguisher Corp.,* No. 94 C 5991, 1995 WL 493446, at *11 (N.D.Ill. Aug.15, 1995). That a contract is "at-will" is significant in that an employer can discharge an employee without cause at any time. *See id.* Nevertheless, an "at-will" contract is still a contract with binding terms. *See id., citing Jordan v. Duff and Phelps, Inc.,* 815 F.2d 429, 438 (7th Cir. 1987), *cert. denied,* 485 U.S. 901, 108 S.Ct. 1067, 99 L.Ed.2d 229 (1988).

Thus, Czapla's claims that Defendants owe him certain monies under the Contract are sufficient to state a claim for breach of contract and are not precluded by the statute of frauds.

### III. Liability of Commerz LLC

Defendants argue that any claim against Commerz LLC must be dismissed because Plaintiff fails to allege how Commerz LLC is liable for the oral contract Plaintiff allegedly made with Commerz Corp. Defendants claim that Plaintiff makes bald assertions that Commerz LLC somehow ratified the alleged oral contract or is somehow liable for the debts and acts of Commerz Corp., and that this fails to satisfy the requirements of Rule 8(a).

However, the Court finds that Czapla's allegations are sufficient to meet the requirements of Rule 8(a). Czapla does not merely allege that Commerz LLC is liable for the debts and acts of Commerz Corp. He claims that Commerz LLC "succeeded to the business" of Commerz Corp. by changing "its name and guise to Commerz Futures, LLC." Further, Czapla claims that after changing its name to Commerz Futures, LLC, it "continued doing business with Czapla under the ongoing agreement." This is sufficient to satisfy the minimum requirements of Rule 8(a). Thus, the Court denies Defendants' motion to dismiss the claims against Commerz LLC.

### CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion to dismiss.