**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3339
_____

PAUL KAMIENSKI,
Appellant

v.

MARLENE LYNCH FORD; THOMAS F. KELAHER; JAMES W. HOLZAPFEL;
RONALD F. DELIGNY; JOHN MERCUN; SAMUEL J. MARZARELLA;
E. DAVID MILLARD; JAMES A. CHURCHILL; DANIEL MAHONEY;
JEFFREY THOMPSON; COUNTY OF OCEAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-11-cv-03056)
District Judge: Honorable Peter G. Sheridan
_____

No. 19-3406
_____

PAUL KAMIENSKI;

v.

MARLENE LYNCH FORD; THOMAS F. KELAHER; JAMES W. HOLZAPFEL;
RONALD DELIGNY; JOHN MERCUN; SAMUEL J. MARZARELLA;
E. DAVID MILLARD; JAMES A. CHURCHILL; DANIEL MAHONEY;
JEFFREY P. THOMPSON; COUNTY OF OCEAN

(D.N.J. No. 3-11-cv-03056)

JULIA PALMA, Executrix of the Estate of Anthony Alongi,
Deceased

v.

MARLENE L. FORD; THOMAS F. KELAHER;
JAMES W. HOLZAPFEL; RONALD F. DELIGNY; JOHN MERCUN;
E. DAVID MILLARD; JAMES A. CHURCHILL; DANIEL MAHONEY;
JEFFREY THOMPSON; COUNTY OF OCEAN; SAMUEL J. MARZARELLA

(D.N.J. No. 3-11-cv-06243)

Julia Palma,
Executrix of the Estate of Anthony Alongi, Deceased,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 3-11-cv-03056; 3-11-cv-06243)
District Judge: Honorable Peter G. Sheridan
_____

Argued on September 9, 2020

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Filed: February 12, 2021)


Timothy J. McInnis [Argued]
Richard F. Bernstein
McInnis Law
521 Fifth Avenue, 17th Floor
New York, New York 10175-0038

*Counsel for Appellant Paul Kamienski*

Steven J. Jozwiak [Argued]
601 Longwood Avenue, Suite 300
Cherry Hill, NJ 08002

*Counsel for Appellant Julia Palma, Executrix of the Estate of Anthony Alongi, Deceased*

Robert J. McGuire [Argued]
Melissa H. Raksa
Office of Attorney General of New Jersey
Division of Law
25 Market Street
Hughes Justice Complex
1st Floor, West Wing
Trenton, NJ 08625

*Counsel for Appellees Marlene Lynch Ford, Thomas F. Kelaher, James W. Holzapfel, Ronald F. DeLigny, John Mercun, Samuel J. Marzarella, E. David Millard, James A. Churchill, and Daniel T. Mahony*

_____

OPINION[*]
_____


HARDIMAN, *Circuit Judge*.

In 1983, a drug deal turned into a double murder. Paul Kamienski and Anthony Alongi were convicted of that murder, but they secured habeas relief approximately thirty years later. After their release, they sued detectives and prosecutors who worked on their case. In one state court suit, Kamienski obtained monetary relief for mistaken imprisonment under New Jersey law. In this federal action, they seek damages under 42 U.S.C. § 1983 to redress alleged due process injuries resulting from misconduct by

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

3

officials in the Ocean County, New Jersey Prosecutor's Office. Exercising its federal question jurisdiction, the District Court granted summary judgment in favor of Defendants,[1] holding they were entitled to either qualified or absolute immunity.

Kamienski and Alongi argue summary judgment was improper because Defendants[2] were not immune. For the reasons that follow, we will affirm.

I

In the District Court, Kamienski alleged Detectives Daniel Mahony and James Churchill violated his due process rights when they withheld another detective's handwritten notes and typewritten report. Those documents indicated that state witness Arthur Lehman was a confidential informant and included statements by Lehman that contradicted his trial testimony. The District Court held Mahony and Churchill immune from suit. We agree.

A

Initially, we "determine the precise claim" that Kamienski made against Mahony and Churchill regarding their roles in the proceedings. *See Burns v. Reed*, 500 U.S. 478, 487 (1991). Kamienski contends Mahony and Churchill violated his due process rights

---

[1] After Alongi's death in 2014, the District Court substituted Julia Palma, Executrix of his Estate, as party plaintiff for Alongi. We refer simply to Alongi. *See Alongi v. Ford, et al.*, E.D. Pa. Civ. Act. No. 3:11-cv-06243. Because Alongi incorporates Kamienski's appellate and reply briefs by reference, we refer to Kamienski's arguments, but our analysis applies equally to Alongi's claims.

[2] On appeal, Kamienski and Alongi challenge the summary judgment only as to Defendants Daniel Mahony, James Churchill, Samuel Marzarella, Marlene Lynch Ford, and Ronald DeLigny.

under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose Lehman's status as a confidential informant and failing to provide the notes and report. Kamienski makes two arguments against immunity for this claim. Both theories fall short.

1

First, he argues a jury could find the detectives' failure to produce the notes and report of Lehman's interview and failure to disclose Lehman's status as an informant "rise to the level of a [knowing] due process violation" because "Mahony was in charge of producing pretrial discovery to Kamienski's attorney." Kamienski Br. 56 & n.18. Under this theory, the detectives had to produce the evidence themselves and are therefore liable for violating *Brady*.

If Mahony and Churchill were personally responsible for disclosing Lehman's status during discovery, they are entitled to absolute immunity. The "immunity analysis rests on functional categories, not on the status of the defendant," *Briscoe v. LaHue*, 460 U.S. 325, 342 (1983), and "[a]bsolute immunity attaches to all actions performed in a 'quasi-judicial' role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citation omitted). The disclosure of evidence during discovery is "intimately associated with the judicial phase of the criminal process." *See Fogle v. Sokol*, 957 F.3d 148, 159–60 (3d Cir. 2020) (citation omitted). So under this view of the detectives' role, Mahony and Churchill are entitled to absolute immunity.

Nor does the detectives' status as police officers deprive them of absolute immunity. Police officers, including detectives, are not categorically denied absolute

5

immunity; as with all other jobs, immunity depends on function. *Briscoe*, 460 U.S. at 342.

2

Under Kamienski's second theory, the detectives are not entitled to absolute immunity because they had a duty to disclose the notes and reports to the trial prosecutor and therefore were not "intimately associated with the judicial phase of the criminal process." *See Fogle*, 957 F.3d at 160. Kamienski adds there was a "sufficient nexus between [the detectives'] investigative activities and Lehman's . . . testimony concerning his informant status . . . that they are not entitled . . . to qualified immunity." Kamienski Br. 56 & n.19 (distinguishing *Gibson v. Superintendent of N.J. Dep't of L. & Pub. Safety*, 411 F.3d 427, 442–44 (3d Cir. 2005), *overruled on other grounds by Dique v. N.J. State Police*, 603 F.3d 181 (3d Cir. 2010)). Applying this second theory, the detectives are entitled to qualified immunity.

Whatever we might make of the allegations' merits, under the qualified immunity framework—*see Yarris v. Cnty. of Delaware*, 465 F.3d 129, 140–41 (3d Cir. 2006)— withholding evidence did not violate a clearly established right at the time of the criminal trial in this case. In *Gibson*, the plaintiff alleged that police officers affirmatively concealed material evidence from the prosecutor. 411 F.3d at 443–44. But it was not clearly established at the time of the 1994 trial that officers had a duty under *Brady* to disclose exculpatory information to prosecutors, so they were entitled to qualified

immunity. *Id.* And so too here. Mahony and Churchill are entitled to qualified immunity for their conduct at the time of the 1988 trial. *See id.*

Kamienski asks us to disregard *Gibson* because Mahony and Churchill were personally responsible for the disclosure to Kamienski—unlike the officers in *Gibson*, who were only under a duty to disclose the evidence to the prosecutor. But this request is self-defeating: if Mahony and Churchill had duties arising from the litigation, they would be intimately associated with the judicial phase of the criminal process and therefore entitled to absolute immunity. *See supra* Section I-A-1.

In sum, Kamienski cannot have it both ways. Either the detectives were responsible for complying with *Brady* by disclosing evidence to his defense team—in which case they were acting in a quasi-judicial role and entitled to absolute immunity— or they were investigators entitled to qualified immunity because their duty to disclose *Brady* material to the prosecutor was not clearly established at the time of the 1988 trial.

B

Kamienski also accuses Mahony of knowingly suborning perjury and failing to disclose promises made to a material witness at the criminal trial in violation of his due process rights under *Giglio v. United States*, 405 U.S. 150 (1972). He did not include this *Giglio* claim in his pleadings, but he moved the District Court to supplement the record with related testimony well after the summary judgment filings had closed. The District Court denied this motion and explained that the motion was brought too late on the basis that Kamienski failed to adduce this evidence within the four-year discovery window and

summary judgment had been pending for quite a while when the motion was filed. The District Court also denied Kamienski's previous motions to supplement the record with two New Jersey State Trooper declarations and several New Jersey State Police reports related to Lehman's identity and testimony.

Kamienski argues the District Court abused its discretion by not allowing this evidence to supplement the summary judgment record. As to the evidence of promises and suborned perjury by Mahony, Kamienski argues it was an abuse of discretion because he offered the evidence soon after an extended deadline expired on unrelated limited discovery matters. He also claims the District Court abused its discretion because he acted diligently when his counsel earlier contacted a witness to obtain information but had been rebuffed. Regarding the evidence concerning Lehman, Kamienski contends the District Court abused its discretion because the evidence was relevant and would not have unduly prejudiced Defendants.

We perceive no abuse of discretion, *see Duha v. Agrium, Inc.*, 448 F.3d 867, 881–82 (6th Cir. 2006), in the District Court's decisions denying the motions to supplement. Kamienski had years of discovery to subpoena any of the key witnesses. He chose not to do so, instead attempting to supplement the record months after the motion for summary judgment was filed. Given his ample opportunity, the Court did not abuse its discretion by denying Kamienski's belated motions to supplement the record.

II

Two attorneys represented New Jersey during the criminal litigation. David

Millard[3] prosecuted the original jury trial against Kamienski and Alongi; Samuel

Marzarella handled the appellate and habeas proceedings. Kamienski alleges Marzarella

made misrepresentations to courts, and he argues that absolute immunity cannot protect

Marzarella because he was not trial counsel and his conduct was egregious. His

arguments are unavailing.

A

Kamienski alleges Marzarella filed inaccurate briefs and made misleading

statements at oral argument, and he argues absolute immunity cannot apply because

Marzarella was not trial counsel. We disagree.

"Absolute immunity is designed to free the judicial process from the harassment

and intimidation associated with litigation." *Burns*, 500 U.S. at 494 (emphasis omitted).

Kamienski targets actions at the core of the advocacy that absolute immunity seeks to

shield from liability. *See id.* Because Marzarella's conduct was "intimately associated

with the judicial phase of the criminal process" while "presenting the State's case," *see*

*id.* at 486 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 431 (1976)), he is immune.

---

[3] Kamienski also claimed Millard violated his due process rights by endorsing Lehman's trustworthiness during his closing argument, and the District Court held Millard was immune. Kamienski and Alongi waived this issue on appeal. *See* Kamienski Reply Br. 12; Palma Reply Ltr.

Kamienski urges us to parse the caselaw differently and limit absolute immunity to protect only the actions of trial counsel, but the great weight of authority dissuades us from accepting his invitation. In *Yarris*, we explained that "'[a]bsolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings . . . where the prosecutor is personally involved . . . and continues his role as an advocate,' but that 'where the role as advocate has not yet begun . . . or where it has concluded, absolute immunity does not apply.'" 465 F.3d at 137 (alteration and omissions in original) (quoting *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003)). Kamienski argues this language establishes an exception to absolute immunity such that it does not apply to appellate and habeas counsel who were not involved at trial.

In *Yarris*, we determined the prosecutors were not entitled to absolute immunity because their conduct was not closely related to the judicial proceedings. *Id.* at 138. There, they were evidentiary custodians—"administrators rather than officers of the court." *Id.* (cleaned up). And caselaw from our sister courts weighs heavily in favor of recognizing that absolute immunity protects lawyers representing the State in direct appeal and habeas proceedings. *See, e.g.*, *Warney v. Monroe Cnty.*, 587 F.3d 113, 122 (2d Cir. 2009); *Spurlock*, 330 F.3d at 799; *Lucien v. Preiner*, 967 F.2d 1166, 1167–68 (7th Cir. 1992) (executive clemency proceedings); *Johnson v. Kegans*, 870 F.2d 992, 997 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989) (parole proceedings); *Joseph v. Patterson*, 795 F.2d 549, 557 (6th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987) (direct appeal); *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (direct appeal); *Bruce v. Wade*,

10

537 F.2d 850, 852 (5th Cir. 1976) (habeas proceedings). Because the allegations concern Marzarella's conduct as the state's advocate in court, absolute immunity shields him.

B

Kamienski responds further that Marzarella's misconduct was extreme and argues the "'most egregious' official misconduct" is not entitled to absolute immunity, relying on *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018), and *Haberle v. Troxell*, 885 F.3d 170, 177 (3d Cir. 2018). Kamienski Br. 65. *Haberle* addressed whether a police officer's conduct amounted to a "state-created danger." 885 F.3d at 176–77. State-created-danger claims require culpable conduct that shocks the conscience, and that test is met only by the most egregious conduct. *Id.* In *Rosales-Mireles*, the Supreme Court explained the *Olano* forfeiture test's fourth prong. 138 S. Ct. at 1906. The Court's plain-error discussion has no bearing on the absolute immunity framework. *Id.* Neither case established any exception to absolute immunity, so Kamienski's argument urging an exception is unpersuasive.

III

Kamienski contacted the prosecutor's office seeking review of Marzarella's litigation conduct. He argues that the silence by Marzarella's supervisors, Defendants Marlene Ford and Ronald DeLigny, in response to these requests was egregious behavior. He also argues that *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009), does not shield Ford and DeLigny from liability because their review would not directly impact the litigation.

Kamienski misapplies *Goldstein*. As the Second Circuit explained in *Warney v. Monroe County*, overseeing litigation-related functions—like the ones here—is protected by absolute immunity. *See* 587 F.3d at 124 (citing *Goldstein*). The allegations of failure to supervise all relate back to Marzarella's litigation conduct. Just as the administrative acts in *Goldstein* and *Warney* were "integral to an advocacy function," we conclude that the prosecutors' actions here "were also integral to the overarching advocacy function" because they "required legal knowledge and the exercise of related discretion." *See id.* (cleaned up) (quoting *Goldstein*, 555 U.S. at 344).

*     *     *

Kamienski and Alongi allege serious wrongdoing. But their allegations are stymied by absolute or qualified immunity, so we must affirm the District Court's summary judgment.